IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TOP ENTERTAINMENT, INC., et al., <br><br> Plaintiffs <br><br> v. <br><br> WATSSON TORREJON, as Assignee of MARIA ORTEGA, <br><br> Defendant | CIVIL NO. 99-2095 (JP) |

**OPINION AND ORDER**

Before the Court is Watsson Hebert Torrejón's ("Torrejón") motion for an order of contempt (No. 169) against Plaintiffs for their failure to comply with this Court's Sanctions Order of December 16, 2004 ("Sanctions Order") (No. 141), awarding Torrejón attorney's fees in the amount of $60,000.00.[1]  Plaintiffs oppose Torrejón's motion (No. 171), arguing that the Sanctions Order was not sufficiently specific and definite to be enforceable.  Also before the Court is Torrejón's motion to compel production of documents in aid of execution of the Sanctions Order (No. 176) (hereinafter, "motion to compel production"), which is unopposed by Plaintiffs. The Court considers the motions together, as both arise out of the same alleged pattern of recalcitrant behavior on the part of

---

1.  Torrejón is the assignee of the Defendant in this case, Maria Ortega.  For the purposes of this Opinion and Order, the Court will use the terms "Defendant" and "Torrejón" interchangeably.

CIVIL NO. 99-2095 (JP)            -2-

Plaintiffs.  For the reasons stated herein, Defendant's motions (**Nos. 169 and 176**) are **GRANTED**.

I.     **INTRODUCTION**

Plaintiffs filed the instant case against Defendant Maria Ortega ("Ortega"), for whom Torrejón serves as assignee. Plaintiffs alleged that Ortega falsely purported to be the promoter representing Puerto Rican musical performer Ricky Martin in a concert held in Peru in November 1998. The allegations were found to be baseless, and the case was dismissed. The Court, however, denied Defendant's motion for attorney's fees. On appeal, the United States Court of Appeals for the First Circuit ordered the Court to reconsider its denial of attorney's fees, after finding that Plaintiffs and their attorney, David Efron, Esq. ("Attorney Efron"), had pursued frivolous claims against Ortega and had violated Rule 11 of the Federal Rules of Civil Procedure. The Court reconsidered Defendant's motion for attorney's fees and issued an Order on March 8, 2004, awarding attorney's fees and ordering Torrejón to provide the Court with a full accounting of attorney's fees charged during the litigation against Defendant Ortega (No. 105). The Court thereafter issued a Sanctions Order on December 16, 2004, awarding Defendant $60,000.00 in attorney's fees (No. 141).

CIVIL NO. 99-2095 (JP)           -3-

## II.  TORREJON'S MOTION FOR ORDER OF CONTEMPT

Assignee Torrejón seeks an order of contempt against Plaintiffs for Plaintiffs' failure to make payments pursuant to the Sanctions Order awarding Defendant attorney's fees.  Specifically, Torrejón seeks an Order: (1) holding Plaintiffs in civil contempt of court; (2) ordering Plaintiffs to pay Defendant $76,385.89 in attorney's fees and accrued interest pursuant to the Court's Sanctions Order; and (3) imposing a fine of at least $1,000.00 per day for each day after the entry of the Court's Order that Plaintiffs fail to comply.

The United States Supreme Court has held that a court order must be obeyed, even if it is later found to be improper or unconstitutional, until it is vacated or amended pursuant to the proper judicial process.  Maness v. Meyers, 419 U.S. 449, 458-59 (1975); In re Providence Journal Co., 820 F.2d 1342, 1346 (1st Cir. 1986).  Exceptions to this general rule exist if the court lacks personal or subject matter jurisdiction or if the order is "transparently invalid," such as those that force a person to give up an irretrievable right.  Vakalis v. Shawmut, 925 F.2d 34, 36-37 (1st Cir. 1991); In re Providence Journal Co., 820 F.2d at 1346-47. It is well established that a court possesses the authority to hold a party in contempt for failure to comply with a court's order. Shillitani v. United States, 384 U.S. 364, 370 (1966); Goya Foods, Inc. v. Wallack Mgmt. Co., 290 F.3d 63, 77 (1st Cir. 2002).  A court's authority to impose contempt sanctions is a powerful tool

CIVIL NO. 99-2095 (JP)          -4-

that must be exercised only upon "clear and convincing evidence" that the offending party was actually in contempt of court. <u>Project B.A.S.I.C. v. Kemp</u>, 947 F.2d 11, 16 (1st Cir. 1991).

The First Circuit has set forth the following four requirements that must be met to hold a party in civil contempt of court: (1) the contemnor must have had notice of the court order; (2) the order must have been "clear, definite, and unambiguous"; (3) the contemnor must have had the ability to comply with the order; and (4) the contemnor must have violated the order. <u>United States v. Saccoccia</u>, 433 F.3d 19, 26 (1st Cir. 2005). The Court will first inquire whether these four elements are satisfied, and then consider whether the order sought by Defendant is an appropriate civil contempt sanction.

Plaintiffs do not contest that they had notice of the Court's Sanctions Order, nor do they argue inability to comply. Rather, Plaintiffs argue that the Court's Sanctions Order does not satisfy the clear, definite, and unambiguous standard.[2] The Court finds Plaintiffs' arguments on this point unpersuasive. In the Sanctions Order, the Court devotes several pages to a discussion of the merits

---

2.   Plaintiffs also seek to glean a "willful" violation requirement from case law regarding *criminal* contempt sanctions. As the courts have plainly declared, willfulness is not a necessary element of civil contempt. <u>McComb v. Jacksonville Paper Co.</u>, 336 U.S. 187, 191 (1949); <u>Morales Feliciano v. Hernandez Colon</u>, 697 F.Supp. 26, 34 (D.P.R. 1987). Even if the violation of the Court's order had to be willful for civil contempt, Plaintiffs' consistent disregard of its obligations to pay attorneys' fees to Defendant, after two court orders directing them to do so and after repeated letters from Defendant requesting payment, would likely rise to the level of "willful."

CIVIL NO. 99-2095 (JP)            -5-

of Defendant's motion for attorney's fees, consistently referring to the obstinate and frivolous conduct of Plaintiffs. The Court then concludes, "[f]or the aforementioned reasons, the Court herein GRANTS Defendant's motion for attorneys' fees, and awards Defendant SIXTY THOUSAND DOLLARS ($60,000.00) in attorneys' fees, to be paid within thirty (30) days from the entry of this Order"  (No. 141).

On January 12, 2005, four days before the thirty-day deadline to comply with the Court's Order, Plaintiffs filed the first of two appeals of the Court's Sanctions Order to the First Circuit. The First Circuit dismissed the first appeal on October 13, 2005, holding that the Sanctions Order was not final because it failed to specifically address the liability of Attorney Efron for the attorney's fees. The First Circuit further held, however, that the Sanctions Order was "clear at least to the extent that it held [P]laintiffs liable for the fee award . . . ." Thereafter, on February 6, 2006, this Court issued an Order ("Clarifying Order") specifying that Plaintiffs, not Attorney Efron, were responsible for the attorney's fees specified in the Sanctions Order (No. 158).

The Court holds that its language in the Sanctions Order, and the Clarifying Order issued pursuant to the First Circuit instruction, is clear and straightforward. Even if uncertainty existed as to Attorney Efron's liability for the attorney's fees, the Sanctions Order makes clear that Plaintiffs, at least, were required to pay Defendant within thirty days. The Court did not lack

CIVIL NO. 99-2095 (JP)           -6-

jurisdiction over the parties or subject matter, and the Sanctions Order was not "transparently invalid," so Plaintiffs were not free to ignore the Court's Order pending appeal. See United States v. Marquardo, 149 F.3d 36, 42 (1st Cir. 1998). Now, over three years after the entry of the Sanctions Order and two years since the entry of the Clarifying Order, Plaintiffs have not paid Defendant the determined sum of attorney's fees. Thus, Plaintiffs' failure to comply with the Sanctions Order and the Clarifying Order was a violation of "clear, definite, and unambiguous" court orders, for which Plaintiffs shall be held in contempt. As such, the Court grants Torrejón's motion for an order of contempt.

### III. **DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN AID OF EXECUTION**

Also before the Court is Defendant's motion to compel production (No. 176), which includes a request for costs associated with the filing of said motion, arising from Plaintiffs' failure to provide financial records pursuant to a request for production served on Plaintiffs on June 23, 2005. This motion is unopposed by Plaintiffs.

A party from whom production of documents is sought must respond within thirty days of being served, either by producing the documents requested or by submitting specific objections to the request for discovery. Fed. R. Civ. P. 34(b)(2). Failure to comply with Rule 34(b)(2) may, at the court's discretion, be deemed a waiver of any objections to the requested discovery. Marx v. Kelly, Hart &

CIVIL NO. 99-2095 (JP)           -7-

Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991); Rivera v. KMART Corp., 190 F.R.D. 298, 299 (D.P.R. 2000).

    The discovery sought by Defendant was due on July 24, 2005, thirty days after Plaintiffs were served with Defendant's request. See Fed. R. Civ. P. 34(b)(2). On July 21, 2005, Attorney Efron filed a motion for a protective order in which he stated that he objected to discovery of documents related to his personal finances because they are "unrelated to this case." In the motion, Attorney Efron stated that the action Plaintiffs would take in response to the remainder of Defendant's request for discovery would depend on the resolution of Attorney Efron's motion for a protective order. The Court denied Attorney Efron's motion on July 28, 2005 (No. 153). However, Plaintiffs produced no documents following this Order.

    In his motion to compel production, Defendant does not seek discovery from Attorney Efron personally, so the Court presumes Defendant seeks only the documents requested from and related to Plaintiffs. This interpretation is consistent with the Court's Clarifying Order of February 3, 2006, clarifying that Plaintiffs, not Attorney Efron, are responsible for the attorney's fees owed to Defendant. Attorney Efron's motion for a protective order covering his financial records cannot serve as a specific objection to the remainder of the discovery sought from Plaintiffs, notwithstanding Attorney Efron's attempt to preserve future objections. Any further objections to Defendant's discovery request are thus deemed waived

CIVIL NO. 99-2095 (JP)          -8-

by Plaintiffs.  See Marx, 929 F.2d at 12.  Plaintiffs have failed to provide the documents requested and have consistently ignored Defendant's letters regarding Plaintiffs' discovery obligations.  In light of this record, Defendant's motion to compel is warranted under Rule 37(a)(1) of the Federal Rules of Civil Procedure.

If the court grants a party's motion to compel discovery under Rule 37(a)(1), the court must award the moving party reasonable costs associated with filing the motion, including attorney's fees, unless it can be shown that (1) the moving party filed the motion before attempting in good faith to obtain the discovery without court intervention, (2) the opposing party's failure to disclose was substantially justified, or (3) other circumstances make an award of expenses unjust.  Fed. R. Civ. P. 37(a)(5).

Torrejón has presented convincing evidence that none of the three exceptions stipulated in Rule 37(a)(5) are satisfied in this case.  Defendant has reminded Plaintiffs of their discovery obligations no less than four times between December 22, 2005, and June 9, 2008, the date on which Defendant filed the motion to compel production. Defendant thus attempted, in good faith, to obtain the discovery without the Court's intervention.  The Court has been presented with no substantial justification for Plaintiffs' refusal to acknowledge Defendant's discovery request after the denial of Attorney Efron's motion for a protective order.  The circumstances of this protracted litigation over attorney's fees - including

CIVIL NO. 99-2095 (JP)              -9-

Plaintiffs' consistent refusal to recognize their discovery obligations - lead the Court to the conclusion that the award of reasonable costs associated with filing the present motion to compel production is justified.

## IV.  CONCLUSION

In conclusion, the Court hereby **GRANTS** Defendant's motion for an order of contempt.  The Court hereby **ORDERS** Plaintiffs to pay Defendant $60,000.00 in attorney's fees, plus interest, from the date Defendant's cause of action arose - March 6, 2006[3] - until the date of entry of this Opinion and Order.  P.R. Laws Ann. tit. 32, app. III, Rule 44.3.  This award is subject to post-judgment interest.  Id.  Plaintiffs **SHALL** pay the amount due **on or before August 15, 2008.**  If Plaintiffs do not make a timely payment, the Court will further **IMPOSE** against Plaintiffs a fine of $100.00 per day, beginning August 16, 2008, until attorneys' fees herein stipulated are paid in full by Plaintiffs.[4]

The Court further **GRANTS** Defendant's motion to compel production, with reasonable costs and fees, and **ORDERS** Plaintiffs to produce the requested documents **on or before August 4, 2008.**

---

3.  The Court uses this date because it is thirty days after the entry of the Clarifying Order, the later of the two Orders at issue. As such, there is no question that Plaintiffs should have paid the determined sum by this date.

4.  To avoid further confusion, this Order requires Plaintiffs, not Attorney Efron, to pay attorney's fees to Defendant.

CIVIL NO. 99-2095 (JP)           -10-

Defendant **SHALL** file a motion with the Court, on or before **August 1, 2008,** detailing his costs and fees related to said motion.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of July, 2008.

               s/Jaime Pieras, Jr.
               JAIME PIERAS, JR.
           U.S. SENIOR DISTRICT JUDGE